UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

   -against-

JASMINDER SINGH,

              Defendant.

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
21-cr-397 (CBA)

-------------------------------------------------------x

**AMON, United States District Judge:**

## INTRODUCTION

On April 27, 2022, Jasminder Singh ("Singh") was convicted after a jury trial of one count of bank fraud and two counts of unlawful monetary transactions. (ECF Docket Entry ("D.E.") # 131 (Jury Verdict).) On August 5, 2022, Singh was sentenced to 48 months' imprisonment. (D.E. # 169 (Judgment as to Singh).) A criminal forfeiture judgment in the amount of $3,018,602.22 was entered, and restitution in the amount of $4,651,845.08 was ordered. (Id.) Singh has filed a motion for bail pending appeal and a motion for a stay of his financial penalties. (D.E. # 175 ("Def. Mot.").) The government has filed a memorandum in opposition. (D.E. # 176 ("Gov't Opp'n").) For the reasons that follow, Singh's motion for bail is DENIED, and his motion for a stay of his financial penalties is GRANTED IN PART and DENIED IN PART.

## DISCUSSION

### I. Motion for Bail Pending Appeal

Under 18 U.S.C. § 3143(b)(1), a court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained," unless the court finds:

1

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

See also United States v. Randell, 761 F.2d 122, 125 (2d Cir. 1985) (summarizing the analysis under § 3143(b)(1) as involving four elements: (a) flight risk or danger, (b) not for the purpose of delay, (c) substantial question of law or fact, and (d) likely to result in reversal or new trial), cert. denied, 474 U.S. 1008 (1985). For a defendant who has already been found guilty, there is "a presumption in favor of detention," with the defendant "bear[ing] the [plainly substantial] burden of rebutting that presumption by clear and convincing evidence." United States v. Razzouk, 11-cr-430 (ARR), 2018 WL 3062585, at *1 (E.D.N.Y. June 21, 2018) (quoting United States v. Abuhamra, 389 F.3d 309, 319 (2d Cir. 2004)).

The government does not contend that Singh poses a flight risk or a danger to society, or that Singh's appeal is for purpose of delay. Instead, the resolution of Singh's motion depends on the two-step analysis articulated by Randell: (i) "a district court [must] . . . determine first whether any question raised on appeal is a 'substantial' one"; and (ii) "[i]f a court does find that a question raised on appeal is 'substantial,' it must then consider whether that question is 'so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'" 761 F.2d at 125 (citation omitted). Here, I find that Singh has failed to make a sufficient showing under either step.

A "substantial question of law or fact" is one that presents "a 'close' question or one that very well could be decided the other way." Id. (citation omitted). Specifically, a "substantial question" must be "one which is either novel, which has not been decided by controlling precedent,

2

or which is fairly doubtful." Id. (citation omitted). In this case, although Singh asserts that there are several "meritorious legal issues for the Second Circuit to consider," (Def. Mot. 2), he raises only one: the decision to admit a prior similar act. (See D.E. ## 136-143 ("Trial Tr.") 232:13-20, 287:14-288:11.) Specifically, codefendant Mandeep Singh ("Mandeep") testified that, at Singh's direction, Mandeep used his own personal credit card to purchase additional Apple products, after Singh had already exceeded the spending limits of Singh's credit cards with American Express. (See id.) The government proffered this testimony pursuant to Rule 404(b) of the Federal Rules of Evidence not to show propensity, but to demonstrate Singh's criminal intent, which was a key issue during the trial and an important component of Singh's defense. (See id. at 24:11-22, 27:19-28:21, 232:3-20.) In overruling Singh's objection during trial and permitting the government to offer this evidence, I applied the framework from Huddleston v. United States, 485 U.S. 681, 691-92 (1988), and found that the evidence was advanced for a proper purpose and that any prejudicial effect did not substantially outweigh the evidence's probative value under Rule 403 of the Federal Rules of Evidence. (See Trial Tr. 233:12-235:15.) In particular, I concluded that the prejudicial effect of the evidence was mitigated by the significant difference in the amounts of money involved in Singh's prior similar act (several thousands of dollars) and the acts for which he was being tried (several millions of dollars). (Id. at 235:4-13.) Further, upon Singh's request, I also gave the jury a limiting instruction regarding the proper purpose of that testimony. (Id. at 257:7-259:13, 288:15-289:3.)

Therefore, for the reasons I stated on the trial record, I do not view the evidentiary question here as "close." Randell, 761 F.2d at 125. Moreover, the fact that this ruling is a discretionary decision also undermines any claim that it is a "close" question. See United States v. Pitre, 960

F.2d 1112, 1119 (2d Cir. 1992) (holding that a district court's admission of 404(b) evidence "will not be overturned on appeal absent a clear showing of abuse of discretion").

Even if it were determined that it was a "substantial question" and the Court of Appeals would rule that the testimony should not have been admitted, Singh has failed to show that the admission of the prior similar act was "so integral to the merits of the conviction" that it would require reversal of the conviction or a new trial. Randell, 761 F.2d at 125. Any error regarding the testimony's admission is harmless. The Second Circuit considers four factors when conducting a harmless error review of inadmissible evidence: "(1) the overall strength of the prosecution's case; (2) the prosecutor's conduct with respect to the improperly admitted evidence; (3) the importance of the wrongly admitted evidence; and (4) whether such evidence was cumulative of other properly admitted evidence." United States v. McCallum, 584 F.3d 471, 478 (2d Cir. 2009) (alteration and citation omitted) (emphasizing that the first factor is "the most critical factor in assessing whether error was harmless"). Here, the government supported its case against Singh with abundant other evidence. (See, e.g., Trial Tr. 1046:24-1053:22 (summarizing the government's evidence).) Regarding Singh's criminal intent, the government offered evidence in addition to Mandeep's testimony about the prior similar act, including evidence of Singh's own actions in concealing the fraud. (See, e.g., id. at 1020:12-1021:18, 1039:4-25, 1048:19-1049:2.) Moreover, the government's summation did not even refer to Singh's prior similar act. (See id. at 1016:25-1053:23, 1133:21-1148:15); cf. McCallum, 584 F.3d at 478 (suggesting that an error might not be harmless if the prior similar acts "were admitted but the government's other evidence was not overwhelming" or if "the government's summation emphasized the prior convictions"); United States v. Al-Moayad, 545 F.3d 139, 165 (2d Cir. 2008) (finding the district court's error to not be harmless when the government "referred repeatedly to [the inadmissible testimony] . . . to

4

the jury" and "treated [that testimony] . . . as important evidence"). Accordingly, Singh's appeal on this evidentiary issue, even if meritorious, would be unlikely to lead to a reversal, an order for a new trial, or a reduction in his sentence under § 3143(b)(1)(B). See United States v. Sahachaisere, No. 13-cr-452 (ENV), 2018 WL 3489555, at *2 (E.D.N.Y. July 19, 2018) (rejecting the defendant's motion for bail pending appeal and noting that "the evidence presented in the government's case was voluminous, comprehensive[,] and overwhelmingly incriminating" (internal quotation marks omitted)); United States v. Block, No. 16-cr-595 (JPO), 2017 WL 6550688, at *2 (S.D.N.Y. Dec. 22, 2017) (denying defendant's motion for bail pending appeal after concluding that "any error is likely to be harmless in light of the strong evidence of [the defendant's] guilt").

In support of his position, Singh relies on United States v. Silver, in which a district court granted bail in light of the legal issues raised on the defendant's appeal. 203 F. Supp. 3d 370, 375 (S.D.N.Y. 2016); (Def. Mot. 2). Silver, however, is distinguishable. There, the defendant filed his amended motion for bail pending appeal after the Supreme Court had issued a decision that raised questions regarding the validity of the jury charge used in his criminal trial. 203 F. Supp. 3d at 375. In granting the motion, the district court emphasized that, as a result of the newly issued Supreme Court opinion, it became a "close" question "whether the charge . . . was erroneous," "whether the potentially erroneous charge was harmless," and "whether it is clear beyond a reasonable doubt that a rational jury would have found [the defendant] guilty absent the error." Id. at 381. In contrast, Singh's appeal of the evidentiary ruling is not based on an intervening Supreme Court decision that would render his legal question a "close" one, nor does the admission of a prior similar act carry the same effect on his conviction as would an invalid jury charge. Cf. United

States v. Bah, 574 F.3d 106, 114 (2d Cir. 2009) ("An erroneous [jury] instruction, unless harmless, requires a new trial." (quoting Anderson v. Branen, 17 F.3d 552, 556 (2d Cir. 1994)).

## II. Motion to Stay Financial Penalties

Singh also moves to stay the financial portion of his sentence pursuant to Rules 32.2(d) and 38(e) of the Federal Rules of Criminal Procedure. (Def. Mot. 2-3.) Specifically, Singh asks for a stay of (a) forfeiture in the amount of $3,018,602.22, including the forfeiture of Singh's home in Fremont, California, and (b) restitution in the amount of $4,651,845.08. (Id.)

Rule 32.2(d) governs the stay of forfeiture orders and provides:

> If a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review. A stay does not delay the ancillary proceeding or the determination of a third party's rights or interests. . . .

Fed. R. Crim. P. 32.2(d). "[N]either the Federal Rules nor [the Second Circuit's] precedent set[s] out [the] factors that pertain explicitly to stays of forfeiture orders," and courts in this Circuit have ordinarily applied two variants of a four-factor test. United States v. Grote, 961 F.3d 105, 122-23 (2d Cir. 2020). The first variant ("the Grote test") considers the four factors typically used in a standard case involving a motion to stay:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id. (citations omitted). The second variant ("the Silver test") applies a "slightly modified" version of the first test and considers four similar factors:

6

> [(1)] the likelihood of success on appeal; [(2)] whether the forfeited asset is likely to depreciate over time; [(3)] the forfeited asset's intrinsic value to defendant (i.e., the availability of substitutes); and [(4)] the expense of maintaining the forfeited property.

Id. at 123 (quoting United States v. Silver, No. 15-cr-93 (VEC), 2018 WL 4440496, at *10 (S.D.N.Y. Sept. 17, 2018)) (applying both tests to conclude that the district court did not abuse its discretion in denying the defendant's motion to stay).

Rule 38(e) governs the stay of restitution and provides: "If the defendant appeals, the district court . . . may stay—on any terms considered appropriate—any sentence providing for restitution under 18 U.S.C. § 3556 or notice under 18 U.S.C. § 3555." Fed. R. Crim. P. 38(e)(1). Courts in the Second Circuit typically apply the Grote test when considering a motion to stay restitution, giving "most weight to the first two factors." United States v. Razzouk, No. 11-cr-430 (ARR), 2018 WL 3574868, at *1 (E.D.N.Y. July 25, 2018); see also United States v. Yalincak, No. 05-cr-111 (JBA), 2015 WL 6456537, at *2 (D. Conn. Oct. 26, 2015).

Singh has failed to meet his burden under either test. *First*, as discussed above, it is unlikely that Singh's appeal regarding the admission of Mandeep's testimony will be successful. Cf. Razzouk, 2018 WL 3574868, at *2 (staying only the portion of the restitution award that had been rendered possibly infirm due to an intervening Supreme Court opinion). *Second*, Singh neither demonstrates any irreparable injury in his motion, nor discusses any of the remaining factors regarding the assets' intrinsic values, their lack of substitution, or the likelihood of depreciation. (See Def. Mot. 2-3.) At most, Singh asks for a delay in the sale of any real property during the pendency of the appeal. (Id.) According to the preliminary order of forfeiture, Singh has only one real-property asset, which is his home located in Fremont, California; the remaining assets are his vehicle and U.S. currencies seized from Singh's banks. (See D.E. # 168 (Preliminary Order of Forfeiture) at 1-2.) The government does not object to a limited stay of forfeiture with respect to

Singh's primary home. (Gov't Opp'n 6.) Accordingly, I grant Singh's motion to stay with respect to his primary home in Fremont, California but deny the motion with respect to all other assets.

## CONCLUSION

For the foregoing reasons, Singh's motion for bail pending appeal is DENIED. Singh's motion for a stay of his financial penalties is GRANTED IN PART and DENIED IN PART. Specifically, his motion to stay forfeiture and restitution is denied in its entirety except for the forfeiture of his primary home in Fremont, California.

SO ORDERED.

Dated: November 10, 2022
Brooklyn, New York

Carol Bagley Amon
United States District Judge